■ In the Matter of EDWARD O'CONNOR, Respondent, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, Respondents, and CHARLES F. MURPHY, Appellant.— Judgment of the Supreme Court, Queens County, dated December 11, 1968, affirmed, without costs. No opinion. Leave to appeal to the Court of Appeals granted. Questions of law have arisen which ought to be reviewed. Christ, Acting P. J., Brennan, Hopkins, Benjamin and Martuscello, JJ., concur.

## (January 20, 1969)

■ In the Matter of LEON J. TEPPER, Petitioner. SUFFOLK COUNTY BAR ASSOCIATION, Respondent.— Motion by petitioner, a disbarred attorney, for reinstatement as a member of the Bar. Motion denied. Beldock, P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.

■ RICHARD CORDES, Respondent, v. JAMES STEWART, Appellant.— In a negligence action to recover damages for personal injuries, which action was automatically dismissed pursuant to statute and the rules of this court (CPLR 3404; Rules, App. Div., 2nd Dept., part 8 [formerly part 7], rule VIII; 22 NYCRR 675.8) for neglect to prosecute, defendant appeals from an order of the Supreme Court, Queens County, dated May 27, 1968, which granted plaintiff's motion to vacate the dismissal and for other relief. Order reversed, on the law and the facts, without costs, and motion denied. In its essential facts this case does not differ from Renne v. Roven (29 A D 2d 866) and accordingly we believe the Trial Term improvidently exercised its discretion in granting the motion. Brennan, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.

■ EDWARD HEIMAN, an Infant, by His Father and Natural Guardian, MILTON HEIMAN, et al., Respondents, v. VARSITY BUS, INC. et al., Appellants, et al., Defendants. (Action No. 1.) (And Three Other Actions.) — Appeal, as limited by appellant's brief, from so much of an order of the Supreme Court, Kings County, dated August 29, 1968, as granted a trial preference. Order reversed insofar as appealed from, on the law, with $10 costs and disbursements. In the absence of a stenographic transcript of the pretrial conferences or other appropriate proof showing the facts upon which the court based its determination, the propriety of the granting of the preference cannot be adequately reviewed (Jones v. Otis Elev. Co., 24 A D 2d 451; Abramson v. Kenwood Labs., 17 A D 2d 626). Brennan, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.

■ In the Matter of CHARLES CARUSO, JR., Respondent, v. INCORPORATED VILLAGE OF SLOATSBURG et al., Appellants.— Order of the Supreme Court, Rockland County, dated December 14, 1967, affirmed, with $10 costs and disbursements. While we agree with the determination at Special Term insofar as it struck petitioner's "claim for reinstatement", changed the proceeding to an action at law for salary lost and held that the petition states a cause of action for that relief, we deem it necessary to point out once again, as we did on the prior appeal (see Matter of Caruso v. Incorporated Vil. of Sloatsburg, 28 A D 2d 679), that the record as presented is insufficient to determine petitioner's civil service status or whether he was legally appointed to the office from which he was removed; and we have not reached or determined those questions on this appeal. Christ, Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur.